1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 05-03396 WHA

NOHEMI LAZCANO,

       Plaintiff,

  v.

JOHN E. POTTER, IN HIS OFFICIAL CAPACITY
AS POSTMASTER GENERAL,

       Defendant.

                                   /

**COURT'S PROPOSED CHARGE TO THE JURY
[AND SPECIAL VERDICT FORM]**

    Appended hereto are copies of the draft charge to the jury and special verdict form given

to both sides on **JANUARY 31, 2007**, for discussion with the Court at the charging conference on

**FRIDAY, FEBRUARY 2, 2007**, at **7:30 A.M.**  Counsel are reminded that all objections, additions,

or modifications must be made at the charging conference or else they shall be deemed waived.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NOHEMI LAZCANO,

        Plaintiff,

  v.

JOHN E. POTTER, IN HIS OFFICIAL CAPACITY
AS POSTMASTER GENERAL,

        Defendant.

_____/

No. C 05-03396 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

2

1

**United States District Court**
For the Northern District of California

1.

Members of the jury, now that you have heard all the evidence and arguments by counsel, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1.      The testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

2.      The exhibits which have been received into evidence;

3.      The testimony of witnesses in depositions, read into evidence ; and

4.      Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has

been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3.      Objections by lawyers are not evidence. Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence. You should not be influenced by any question, objection or the Court's ruling on it.

4.      Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5.      Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

5.

**IF THERE WERE CHARTS RECEIVED IN EVIDENCE:**  Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

**IF ANY CHARTS SHOWN JURY ARE NOT IN EVIDENCE, *I.E.*, FOR "ILLUSTRATION ONLY":**  Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

6.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it or none of it.  In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness' memory;

3.    The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice;

5.    Whether other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

United States District Court
For the Northern District of California

7.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

8.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if done voluntary and intentionally, and not because of mistake or accident or other innocent reason.

9.

The means of knowledge are ordinarily the equivalent in law to knowledge. So, if it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to make inquiry through which she would surely learn certain facts, then this person may be found to have had actual knowledge of those facts, the same as if she made such inquiry and had actually learned such facts.

United States District Court

For the Northern District of California

1    That is to say, the law will charge a person with notice and knowledge of whatever she

2    would have learned, upon making such inquiry as it would have been reasonable to expect her

3    to make under the circumstances.

4    Knowledge or notice may also be established by circumstantial evidence.  If it appears

5    that a certain condition has existed for a substantial period of time, and that a person had regular

6    opportunities to observe the condition, then you may draw the inference that she had knowledge

7    of the condition.

8                                                    10.

9    Discrepancies in a witness' testimony or between a witness' testimony and that of other

10   witnesses do not necessarily mean that such witness should be discredited.  Inability to recall

11   and innocent misrecollection are common.  Two persons witnessing an incident or a transaction

12   sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter

13   or only to something trivial should be considered by you.

14   However, a witness willfully false in one part of his or her testimony is to be distrusted

15   in others.  You may reject the entire testimony of a witness who willfully has testified falsely on

16   a material point, unless, from all the evidence, you believe that the probability of truth favors

17   his or her testimony in other particulars.

18                                                   11.

19   In determining what inferences to draw from evidence you may consider, among other

20   things, a party's failure to explain or deny such evidence.

21                                                   12.

22   Evidence as to any oral admissions, claimed to have been made outside of court by a

23   party to any case, should always be considered with caution and weighed with great care.  The

24   person making the alleged admission may have been mistaken, or may not have expressed

25   clearly the meaning intended; or the witness testifying to an alleged admission may have

26   misquoted what was actually said.  However, when an oral admission made outside of court is

27   proved by reliable evidence, such an admission may be treated as trustworthy, and should be

28   considered along with all other evidence in the case.

7

**United States District Court**
For the Northern District of California

13.

You have heard testimony from witnesses referred to as "expert witnesses." These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions. Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances. In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

14.

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or witten.

15.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

16.

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

17.

An employer may be held liable for acts of its employees when those acts are done within the scope of the authority given to the employee by the employer, or within the scope of the employee's duties.

An employer can be liable for the discriminatory actions of supervisors. If a supervisor makes another his tool for carrying out a discriminatory action, the original actor's purpose will be imputed to the tool, or through the tool to their common employer. An employer may not

1   escape liability simply because the individual with discriminatory animus was not the final

2   decision maker in the adverse employment action.  You may consider whether the discriminatory

3   conduct of other managerial employees played a role in the ultimate decision making process.

4       Linda Shelton and Jack Boster were agents of defendant Potter, and therefore, any act or

5   omission of Linda Shelton or Jack Boster was the act or omission of defendant Potter.

6                                          18.

7       In these instructions, I will often refer to a party's "burden of proof."  Let me explain

8   what that means.  When a party has the burden of proof on any claim by a preponderance of the

9   evidence, it means you must be persuaded by the evidence that the claim is more probably true

10  than not true.  To put it differently, if you were to put the evidence favoring a plaintiff and the

11  evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on

12  the issue would have to make the scale tip somewhat toward its side.  If the party fails to meet

13  this burden, then the party with the burden of proof loses on that issue.  Preponderance of the

14  evidence basically means "more likely than not."

15                                         19.

16      On any claim, if you find that plaintiff carried her burden of proof as to each element of a

17  particular claim, your verdict should be for plaintiff on that claim, unless you also find that

18  defendant has proved an affirmative defense, in which event your verdict should be for the

19  defendant on that claim.  If you find that plaintiff did not carry her burden of proof as to each

20  element, you must find against plaintiff on that claim.  This same principle also applies to

21  defendant on claims for which he has the burden of proof.

22                                         20.

23      I will now turn to the law that applies to this case.  First, I will give you a brief summary

24  of the claims and defenses at issue in this case.

25      Ms. Lazcano claims that Jack Boster sexually harassed her, created a hostile work

26  environment, and retaliated and discriminated against her based on her gender and disability,

27  while he was Postmaster of El Cerrito Post Office.

28

United States District Court

For the Northern District of California

1    Defendant denies each of those claims and also contends that he is not liable on the

2 sexually hostile work environment claim because:  (1) he has established a reasonable set of

3 procedures for preventing and correcting violations of the Equal Employment Opportunity laws

4 and (2) plaintiff unreasonably failed to take advantage of such procedures.

5    Ms. Lazcano denies defendant's claims.

6                                    21.

7    Ms. Lazcano has brought separate claims of employment discrimination and retaliation

8 against defendant arising under Title VII.  Title VII is part of the 1964 Civil Rights Act.  It

9 prohibits discrimination on the basis of sex or disability or retaliation affecting any term or

10 condition of employment.

11    I will now explain the law of sex and disability discrimination to you.

12                                    22.

13    Plaintiff seeks damages against defendant for a sexually hostile work environment while

14 employed by defendant.  In order to establish a sexually hostile work environment, plaintiff must

15 prove each of the following elements by a preponderance of evidence:

16    1.    Plaintiff was subjected to sexual advances, requests for sexual

17    conduct, or other verbal or physical conduct of a sexual nature;

18    2.    The conduct was unwelcome;

19    3.    The conduct was sufficiently severe or pervasive to alter the

20    conditions of plaintiff's employment and create a sexually abusive or

21    hostile work environment;

22    4.    Plaintiff perceived the working environment to be abusive or

23    hostile; and

24    5.    A reasonable woman in plaintiff's circumstances would consider

25    the working environment to be abusive or hostile.

26    Whether the environment constituted a sexually hostile work environment is determined

27 by looking at the totality of the circumstances, including the frequency of the harassing conduct,

28 the severity of the conduct, whether the conduct was physically threatening or humiliating or a

United States District Court
For the Northern District of California

1   mere offensive utterance, and whether it unreasonably interfered with an employee's work

2   performance.

3                                          23.

4       Sexual harassment takes many forms, including but not limited to:

5           1.      Verbal or written derogatory, sex-based comments; suggestive or

6           obscene letters or notes;

7           2.      Visual conduct of a sexual nature such as explicit, offensive

8           pictures, drawings or cartoons;

9           3.      Physical conduct of a sexual nature such as impeding or blocking

10          movement, gestures, or unwanted physical conduct.

11      "Nonsexual" conduct or comments may also constitute sexual harassment if the conduct

12  or comments are directed to someone because of that person's gender.  For example, a cruel

13  "practical joke" not of a sexual nature may nonetheless be a form of sexual harassment.

14                                         24.

15      An employer may be liable when a supervisor with immediate or successively higher

16  authority over the employee creates a sexually hostile work environment for that employee.  Ms.

17  Lazcano claims that she was subjected to a sexually hostile work environment by Jack Boster

18  and that Jack Boster was her supervisor.  Defendant denies plaintiff's claim.  Plaintiff must prove

19  her claim by a preponderance of the evidence.

20                                         25.

21      In addition to denying plaintiff's claim, the defendant has asserted an affirmative defense.

22  You must decide whether defendant is entitled to assert that defense by determining whether

23  defendant subjected Ms. Lazcano to a tangible employment action.  A "tangible employment

24  action" means a significant change in employment status, such as hiring, firing, failing to

25  promote, reassignment with significant change in responsibilities, or a decision causing a

26  significant change in benefits.  A tangible employment action requires an official act of the

27  enterprise, a company act.

28

11

**United States District Court**
For the Northern District of California

1    If you find that a tangible employment action occurred, then defendant is not entitled to

2    assert the affirmative defense.  However, if you find that no tangible employment action

3    occurred, then defendant must prove by a preponderance of the evidence each of the following

4    elements:

5        1.    The Postal Service exercised reasonable care to prevent and

6            promptly correct the sexually harassing behavior; and

7        2.    Ms. Lazcano unreasonably failed to take advantage of any

8            preventive or corrective opportunities provided by the employer or

9            unreasonably failed to otherwise avoid harm.

10    If defendant proves these elements, defendant has proved this affirmative defense.

11    If you find that plaintiff has proved her claim of a sexually hostile work environment,

12    your verdict should be for plaintiff on that claim, unless you find that defendant has proved its

13    affirmative defense, in which event your verdict should be for defendant.

14                                         26.

15    Plaintiff also makes a claim against defendant for retaliation.  Plaintiff has the burden of

16    proving each of the following elements by a preponderance of the evidence:

17        1.    Plaintiff engaged in or was engaging in an activity protected under

18            federal law;

19        2.    Defendant Potter or his agents subjected plaintiff to an adverse

20            employment action; and

21        3.    The protected activity was a substantial or motivating factor in the

22            adverse employment action.

23    If you find that each of the elements on which plaintiff has the burden of proof has been

24    proved, your verdict should be for plaintiff on the retaliation claim.  If, on the other hand,

25    plaintiff has failed to prove any one of these elements, your verdict should be for defendant.

26                                         27.

27    Protected activity includes making a charge, testifying, assisting or participating in any

28    manner in an investigation, proceeding or hearing regarding an employer's unlawful or

12

United States District Court
For the Northern District of California

1    discriminatory employment practice.  In order to be a protected activity, Ms. Lazcano's

2    opposition must have been directed toward a discriminatory act by defendant or an agent of

3    defendant.

4         Ms. Lazcano's protected activity was filing a complaint of sexual harassment by Jack

5    Boster.

6                                    28.

7         An "adverse employment action" is different from a "tangible employment action,"

8    which was defined for you earlier.  An adverse employment action is any action which is defined

9    as a "materially adverse change in the terms and conditions" of employment.  An adverse

10   employment action is not limited to a minimum level of severity or to any particular type of

11   action.  Even if an employer's action does not result in tangible economic loss to the employee,

12   if the action would be considered adverse by a reasonable employee and it is reasonably likely to

13   deter an employee from engaging in the protected activity, then the action is a violation of the

14   law.

15        Ms. Lazcano contends that defendant took the following adverse employment actions

16   against her:

17        1.    By allegedly systematically taking her job duties away, from

18             March 2004 to June 2005;

19        2.    By allegedly charging her with vending machine fraud; and

20        3.    By allegedly sequestering her in the swing room without job

21             duties.

22                                    29.

23        The phrase "motivating factor" means something that moved defendant Potter and his

24   agents toward their decision and induced action.  Even though other matters may have

25   contributed to the taking of the action, defendant is still liable for retaliation if Ms. Lazcano's

26   protected activity was one of the factors.

27                                    30.

28

                                     13

United States District Court

For the Northern District of California

1   Plaintiff must prove a causal link between her protected activity and the adverse

2   employment action.  A causal link between the employee's protected activity and the employer's

3   adverse action may be inferred from proximity in time between the two, but a specific time

4   period cannot be mechanically applied.  To determine if there is a causal link, you should

5   consider the context of the adverse action, such as an employer's knowledge or awareness of the

6   employee's protected activity.

7                                               31.

8   Plaintiff also claims that she was discriminated against on the basis of a disability.  To

9   establish a claim of disability discrimination under the Rehabilitation Act of 1973, Ms. Lazcano

10  must prove the following elements by a preponderance of the evidence:

11          1.      Ms. Lazcano has a disability within the meaning of the

12          Rehabilitation Act of 1973;

13          2.      Ms. Lazcano was a qualified individual; and

14          3.      Ms. Lazcano's disability was a motivating factor in the decision to

15          sequester her for one year without any duties.  It is not necessary for Ms.

16          Lazcano to prove that her disability was the sole or exclusive reason for

17          defendant's decision.

18  If you find that each of the elements on which Ms. Lazcano has the burden of proof has

19  been proved, your verdict should be for Ms. Lazcano.  If, on the other hand, Ms. Lazcano has

20  failed to prove any of these elements, your verdict should be for defendant.

21                                              32.

22  The first element that plaintiff must prove is that plaintiff has a recognized disability

23  under the Rehabilitation Act.  To qualify as disabled under the Rehabilitation Act, plaintiff must

24  have a record of an impairment, or be regarded as having an impairment that, when viewed in its

25  corrected or mitigated state, substantially limits a major life activity.  Methods used to correct or

26  mitigate disabilities are not limited to artificial aids, like medications and devices.

27  The term physical impairment includes any physiological disorder or condition, cosmetic

28  disfigurement, or anatomical loss affecting one or more of the following body systems:

14

neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is perceived as unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

      1.      The nature and severity of the impairment;

      2.      The duration or expected duration of the impairment; and

      3.      The permanent or long-term impact of the impairment.

33.

The second element that plaintiff must prove is that she is a qualified individual under the Rehabilitation Act.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

34.

If you find that plaintiff was qualified for the employment position, you must determine, by a preponderance of the evidence, whether plaintiff was able to perform all of the essential functions of the employment position with or without a reasonable accommodation.

An essential function of an employment position means the fundamental job duties of the employment position plaintiff holds or desires.  It does not include the marginal functions that may occur through the course of a job.

**United States District Court**
For the Northern District of California

1    You must consider the employer's judgment as to what functions of a job are essential.  If

2    any employer has prepared a written description before advertising or interviewing applicants for

3    the job, this description is evidence of the essential functions of the job.  However, an employer

4    may not turn every condition of employment into an essential job function merely by including it

5    in a job description.

6        Other factors that may bear upon whether a job function is essential include, but are not

7    limited to:

8            1.      Whether the reason the position exists is to perform that function;

9            2.      The consequences of not requiring the individual holding the

10            position to perform the function;

11            3.      The terms of any collective bargaining agreement;

12            4.      The work experience of past employees who have held the

13            position; and

14            5.      The work experience of current employees that hold similar

15            positions.

16                                    35.

17        If you find Ms. Lazcano qualified for the position but was able to perform the job only

18    with some form of accommodation, then you must determine whether defendant had a duty to

19    provide a reasonable accommodation.

20        To establish defendant's duty to provide a reasonable accommodation, plaintiff must

21    prove, by a preponderance of the evidence, both of the following elements:

22            1.      (a) plaintiff informed defendant of the need for an accommodation

23            due to a disability, or

24                    (b) defendant knew, or had reason to know:

25                            (i) that plaintiff has a disability;

26                            (ii) that plaintiff was experiencing workplace problems

27                            because of the disability; and

28

16

1      (iii) that the disability prevented plaintiff from requesting a

2      reasonable accommodation;

3  and

4  2.  Defendant could have made a reasonable accommodation that

5  would have enabled plaintiff to perform the essential functions of the job.

6    Under the Rehabilitation Act, a reasonable accommodation by defendant may include,

7 but is not limited to:  job restructuring without changing or eliminating any essential function of

8 employment, part-time or modified work schedule, reassignment to a vacant position, or other

9 similar accommodations for individuals with plaintiff's disabilities.

10    A reasonable accommodation does not include changing or eliminating any essential

11 function of employment, shifting any of the essential functions of the subject employment to

12 others, or creating a new position for the disabled employee.

13    If plaintiff rejected a reasonable accommodation necessary to enable her to perform the

14 essential functions of the position, and she could not, as a result of that rejection, perform the

15 essential functions of the position, plaintiff was not a qualified individual.

16                 36.

17    That concludes the instructions on the issue of liability.  Now I will discuss the issue of

18 damages.  It is the duty of the Court to instruct you about the measure of damages.  By

19 instructing you on damages, the Court does not mean to suggest for which party your verdict

20 should be rendered.  Plaintiff has the burden of proving damages by a preponderance of the

21 evidence, and it is for you to determine what damages, if any, have been proved.

22    If you find that defendant intentionally discriminated against plaintiff, you must

23 determine plaintiff's damages.

24    Damages means the amount of money which will reasonably and fairly compensate

25 plaintiff for any injury you find was caused by defendant.  You may award compensatory

26 damages for emotional pain, suffering, inconvenience, and mental anguish if you find that these

27 were caused by defendant's allegedly illegal acts.  No evidence of monetary value of such

28 intangible things as pain and suffering has been, or need be, introduced into evidence.  There is

no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. However, you must not award any damages to plaintiff that serve to punish defendant for allegedly illegal acts. This is because the law allows plaintiff to be compensated for injuries she has suffered if she has been discriminated against, but the law does not allow damages to serve as punishment against defendant.

In determining the amount of damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

In determining the measure of damages, you should consider: the nature and extent of the injuries; the loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future; the mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future; the reasonable value of necessary medical care, treatment, and services received to the present time; and the reasonable value of wages and other benefits which with reasonable probability will be lost in the future.

37.

You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, if you determine that plaintiff is entitled to recover, you should compensate plaintiff for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

38.

An injury or damage is proximately caused by an act or failure to act when it appears from the evidence that the act or failure to act played a substantial part in bringing about the

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

injury or damage, and that the injury or damage was either a direct result or a reasonably probable result of the act or failure to act.

39.

A person who has a condition at the time of an injury is not entitled to recover damages for it.  However, a plaintiff is entitled to recover damages for any aggravation of a pre-existing condition caused by the injury.  This is true even if the condition made plaintiff more susceptible to the possibility of ill effects than a normal healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury or made the consequences of additional injury more severe.

Where a pre-existing condition is aggravated in this way, the damages award is limited to the additional injury caused by the aggravation.

40.

The term "emotional distress" means mental distress, mental suffering or mental anguish. It includes all higly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation ,and indignity, as well as physical pain.

41.

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

However, any alleged failure to mitigate is an affirmative defense.  This means that defendant has the burden of proving the defense by a preponderance of evidence.  To do so, defendant must prove two things:

    1.    That plaintiff failed to use reasonable efforts to mitigate damages; and

    2.    The amount by which damages would have been mitigated.

42.

Any award for future economic damages must be for the present cash value of those damages.  Present cash value means the sum of money needed now, which, when invested at a

19

United States District Court
For the Northern District of California

1  reasonable rate of return, will pay future damages at the times and in the amounts that you find

2  the damages would have been received.

3        The rate of return to be applied in determining present cash value should be the interest

4  that can reasonably be expected from safe investments that can be made by a person of ordinary

5  prudence, who has ordinary financial experience and skill.

6                                          43.

7        If you award damages on multiple claims, you must also indicate a total to eliminate any

8  overlapping damages and to prevent double counting, as set forth in the special verdict form.

9                                          44.

10       When you begin your deliberations, you should elect one member of the jury as your

11  foreperson.  That person will preside over the deliberations and speak for you here in court.

12       You will then discuss the case with your fellow jurors to reach agreement if you can do

13  so.  Your verdict as to each claim and as to damages, if any, must be unanimous.  Each of you

14  must decide the case for yourself, but you should do so only after you have considered all of the

15  evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

16       Do not be afraid to change your opinion if the discussion persuades you that you should.

17  Do not come to a decision simply because other jurors think it is right.  It is important that you

18  attempt to reach a unanimous verdict but, of course, only if each of you can do so after having

19  made your own conscientious decision.  Do not change an honest belief about the weight and

20  effect of the evidence simply to reach a verdict.

21       I will give you a special verdict form to guide your deliberations.

22                                          45.

23       Some of you have taken notes during the trial.  Whether or not you took notes, you

24  should rely on your own memory of what was said.  Notes are only to assist your memory.  You

25  should not be overly influenced by the notes.  When you go into the jury room, the Clerk will

26  bring you the trial exhibits received into evidence to be available for your deliberations.

27

28

**United States District Court**
For the Northern District of California

46.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

    1.      All of the exhibits received into evidence;

    2.      A work copy of these jury instructions for each of you;

    3.      A work copy of the verdict form for each of you; and

    4.      An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

47.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

48.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M.  Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine.  The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M.  If you do not reach a verdict by the end of today, then you will resume your deliberations tomorrow and thereafter.

1    It is very important that you let the Clerk know in advance what hours you will be

2    deliberating so that the lawyers may be present in the courthouse at any time the jury is

3    deliberating.

4                                              49.

5    You may only deliberate when all of you are together.  This means, for instance, that in

6    the mornings before everyone has arrived or when someone steps out of the jury room to go to

7    the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to

8    anyone outside the jury room about this case still applies during your deliberation.

9                                              50.

10   After you have reached a unanimous agreement on a verdict, your foreperson will fill in,

11   date and sign the verdict form and advise the Court that you have reached a verdict.  The

12   foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the

13   jury returns the verdict.  Thank you for your careful attention.  The case is now in your hands.

14   You may now retire to the jury room and begin your deliberations.

17   Dated:  **[ONLY SIGN AND DATE AFTER**
     **INSTRUCTION READ TO THE JURY]**

18                                                    _____
                                                      WILLIAM ALSUP
                                                      UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California

22